1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VU NGUYEN,

11            Plaintiff,              No. CIV S-06-1579 FCD KJM PS

12       vs.

13   UNIVERSITY OF CALIFORNIA, et al.,

14            Defendants.        FINDINGS AND RECOMMENDATIONS

15   _____/

16            Defendants' motion to dismiss is pending before the court.  Upon review of the

17   documents in support and opposition, and good cause appearing therefor, THE COURT FINDS

18   AS FOLLOWS:

19            This case arises out of plaintiff's employment in the Department of Dermatology

20   at UC Davis and his termination therefrom in July 2004.  Plaintiff names as defendants the

21   University of California, Davis ("UCD") and three individuals.  Plaintiff alleges two causes of

22   action.  The first cause of action is under the California Whistleblower Protection Act ("WPA"),

23   California Government Code § 8547 et seq.; the second cause of action is under 42 U.S.C.

24   § 1983 for infringement of plaintiff's First Amendment rights of free speech on matters of public

25   concern.  The gravamen of plaintiff's claims is that allegedly the laboratory in which plaintiff

26   was employed committed fraud in research on skin cells, plaintiff reported the fraud, and

1

1   plaintiff was terminated from his position with the University for reporting the fraud.

2          Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6).

3   Both plaintiff and defendants request the court take judicial notice of documents submitted in

4   connection with the pending motion.  The court takes judicial notice of those documents

5   submitted by both plaintiff and defendant that are part of the administrative proceedings of the

6   grievance plaintiff filed with the University regarding his termination.

7          Defendant UCD moves to dismiss on the ground the University is immune from

8   suit under the Eleventh Amendment.  UCD is considered an instrumentality of the State for

9   Eleventh Amendment purposes.  Thompson v. Los Angeles, 885 F.2d 1439, 1442-43 (9th Cir.

10  1989).  The action against UCD accordingly cannot be maintained in federal court and this

11  defendant should be dismissed.

12         The individual defendants contend all of the claims under 42 U.S.C. § 1983,

13  except for the claim related to plaintiff's termination,[1] are barred by the statute of limitations.

14  Actions brought under section 1983 are governed by the statute of limitations for personal injury

15  actions of the forum state.  See, e.g., Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).

16  California law provides for a two year statute of limitations for personal injury.  Cal. Civ. Proc.

17  Code § 335.1.  The pendency of a grievance, or some other method of collateral review of an

18  employment decision, does not toll the running of the limitations periods.  Delaware State

19  College v. Ricks, 449 U.S. 250, 261 (1980).  This action was filed July 17, 2006.  Plaintiff

20  complains of a variety of actions taken by defendants, most of which occurred prior to July 17,

21

22         [1] Defendants contend in their moving papers that all of plaintiff's section 1983 claims

23  are barred by the statute of limitations.  Plaintiff, however, did not receive notice of the
    termination until receipt of a letter of dismissal dated July 15, 2004.  See Plaintiff's Exhibit 21.
    The statute of limitations begins to run on the date the decision is made and communicated to the

24  plaintiff.  Delaware State College v. Ricks (1980) 449 U.S. 250, 258.  Plaintiff received notice of
    the decision to terminate no earlier than July 15, 2004; therefore the section 1983 claim based on

25  the termination is not time barred (July 15, 2006 was a Saturday). After hearing on the motion to
    dismiss, defendants filed a notice conceding that claims arising out of the termination are not

26  barred by the statute of limitations.

1    2004.  The claims accruing prior to July 17, 2004 accordingly are time barred.

2           With respect to the state claim predicated on the WPA, defendants correctly

3    contend that plaintiff was obligated to seek a writ of mandamus in state court to overturn the

4    administrative decisions that adversely decided his grievance.  Campbell v. Regents of the

5    University of California, 35 Cal. 4th 311, 320-24, cert. denied, 546 U.S. 938 (2005); see also

6    Ohton v. Board of Trustees of California State University, 148 Cal. App. 4th 749, 769 (2007)

7    (judicial exhaustion required for claims under the WPA).  The whistleblower claim was decided

8    against plaintiff in the grievance proceedings at three levels of administrative appeal, which

9    included fact finding and investigation of the facts underlying plaintiff's claims.  Plaintiff did not

10    seek a writ of administrative mandamus under California Code of Civil Procedure § 1094.5 and,

11    accordingly, failed to judicially exhaust this claim.  As such, plaintiff cannot proceed here in

12    federal court on his state law claim.

13           The only remaining claim that is neither time barred nor barred under the doctrine

14    of judicial exhaustion is the section 1983 claim predicated on the termination that plaintiff

15    alleges was in retaliation for exercising his First Amendment rights.  That claim also should be

16    dismissed.  While there is no requirement of administrative exhaustion for this claim, the

17    decisions rendered in quasi-judicial administrative proceedings such as were conducted in this

18    case, and which are final and binding on plaintiff, are entitled to res judicata with respect to

19    claims made under section 1983 and cannot be relitigated here.  University of Tennessee v.

20    Elliott, 478 U.S. 788 (1986); see also Miller v. County of Santa Cruz, 39 F.3d 1030, 1033 (9th

21    Cir. 1994).

22           Accordingly, IT IS HEREBY RECOMMENDED that:

23           1.  Defendants' motion to dismiss be granted; and

24           2.  This action be dismissed.

25    /////

26    /////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 10, 2007.

_____
U.S. MAGISTRATE JUDGE

006
nguyen-ucd.57